Case 1:16-cr-00296  Document 59  Filed on 10/01/20 in TXSD  Page 1 of 4
United States District Court
Southern District of Texas
**ENTERED**
October 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:16-CR-296 |
| | § | |
| ROGELIO GUEVARA JR. | § | |

## **OPINION AND ORDER**

Defendant Rogelio Guevara Jr. requests that the Court reduce his sentence and order his release due to his underlying medical conditions and the dangers that COVID-19 poses to his health. (Motion, Doc. 58 (relying on 18 U.S.C. § 3582(c)(1)(A)) Based on the record, the Court concludes that Guevara has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

### I

In January 2017, the Court sentenced Guevara to 72 months in prison and four years of supervised release after he pled guilty to the crimes of Conspiracy to Possess with Intent to Distribute More Than 100 Kilograms of Marihuana and Possession with Intent to Distribute More than 100 Kilograms of Marihuana. (Judgment, Doc. 56, 1–4)

Guevara is currently serving his sentence at the Federal Bureau of Prison (BOP) Federal Correctional Institution (FCI) Butner Medium I, in North Carolina.[1] (Motion, Doc. 58, 1)

### II

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). This statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the

---

[1] FCI Butner Medium I is described as "[a] medium security federal correctional institution with an adjacent minimum security satellite camp." *FCI Butner Medium I*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/but/ (last visited Sept. 28, 2020).

1 / 4

warden of the defendant's facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Guevara has met the requirements of Section 3582(c)(1)(A). On May 11 of this year, he submitted a request to be considered for home confinement to the Prison Warden. (Request, Doc. 58-1, 3) On May 23, Warden B. Sullivan denied the request with the following disposition:

> This memorandum is in response to your Inmate Request to Staff . . . in which you requested to be considered for a reduction in sentence under debilitated medical condition criteria.
>
> . . . It has been determined you do not meet the criteria under debilitated medical condition at this time. Although you have medical conditions, you do not have a debilitating medical condition, you are medically stable, and independent in your activities of daily living. Accordingly, your RIS request is denied at this time.

(Denial Letter, Doc. 58-1, 2) The record does not make clear whether Guevara exhausted any administrative remedies from the denial of his request, but as more than thirty days have lapsed since he submitted the request to the Warden, he has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). In relevant part, the policy statement provides that extraordinary and compelling reasons for early release exist when:

(a)   the defendant is suffering from a terminal illness or other serious physical, medical, functional, or cognitive condition "that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover";

(b)   the defendant is at least 65 years old and "experiencing a serious deterioration in physical or mental health because of the aging process" and has "served at least 10 years or 75 percent of [his] term of imprisonment, whichever is less"; or

> (c) another reason "[a]s determined by the Director of the Bureau of Prisons".

U.S. SENTENCING GUIDELINES, § 1B1.13(1)(A) & cmt. n.1. The defendant also must not pose a danger to the safety of the community. *Id*. at § 1B1.13(2).

In support of his request, Guevara contends that he is more susceptible to the most serious effects of COVID-19 due to his underlying conditions of obesity, hypertension, liver damage, high cholesterol, and issues related to the two strokes he suffered in 2007 and 2016. (Motion, Doc. 58, 2; Medical Records, Doc. 58-1, 5–10) He argues that "the CDC reports that people with a body mass index of 30 or higher are at an increased risk of severe illness from the virus." (*Id*. at 2–3 (citing *Coronavirus Disease 2019 (COVID-19) People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL AND PREVENTION (last updated Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html)) Based on this data, Guevara contends that his medical records demonstrate both a heightened risk of contracting the virus as well as a higher risk to not recover from it. (*Id*. at 3) Guevara also notes the high numbers of COVID-19 cases among inmates and staff throughout the four Butner prison facilities.[2] (Motion, Doc. 58, 2)

The Court finds that Guevara has not demonstrated that extraordinary and compelling reasons warrant his release. Guevara has served about 80% of his prison sentence. (*See* Indiv. Reentry Plan, Doc. 58-1, 13 (noting a projected release date of April 8, 2022)) Although his underlying medical conditions increase his vulnerability to the more serious symptoms of COVID-19, he is 37 years old, which places him in a demographic that has proven more resilient to the disease. *See Coronavirus Disease 2019 (COVID-19) Older Adults*, CTRS. FOR DISEASE

---

[2] The Court takes judicial notice that the BOP has reported one active case of COVID-19 among inmates and staff at the FCI Butner Medium I facility as well as nine inmate deaths. *See COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last updated Sept. 28, 2020).

CONTROL AND PREVENTION (last updated Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (noting that, "[a]mong adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk").

In addition, at the time of his sentencing hearing, Guevara's Presentence Investigation Report indicated a lengthy criminal history which included multiple convictions, resulting in a Category IV criminal-history score. (PSR, Doc. 44, 10–22) In light of his criminal record, Guevara has not demonstrated that he will not pose a risk of danger to the community if released.

As a result, Guevara has not demonstrated that the factors for requests under Section 3582 weigh in favor of the relief he requests.

Accordingly, it is:

**ORDERED** that Defendant Rogelio Guevara Jr.'s Motion for Compassionate Release Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), under the First Step Act of 2018 (Doc. 58) is **DENIED**.

SIGNED this 1st day of October, 2020.

_____
Fernando Rodriguez, Jr.
United States District Judge